**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

FILED
CHARLOTTE, NC

APR 16 2021

US DISTRICT COURT
WESTERN DISTRICT OF NC

|  |  |
|---|---|
| EQUITY INVESTMENT ASSOCIATES, LLC, | ) ) ) |
| Petitioner | ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent | ) ) ) |

NO. 3:21CV170

## PETITION TO QUASH SUMMONS

Equity Investment Associates, LLC ("EIA") petitions the Court pursuant to 26 U.S.C. § 7609(b)(2) to quash the third-party summons that the Internal Revenue Service ("IRS") issued to Truist Bank (formerly known as Branch Banking and Trust Company) in violation of 26 U.S.C. § 7602(d) and *United States v. Powell*, 379 U.S. 48 (1964) ("Summons"). A redacted copy of the Summons is attached as Exhibit 1. The Summons should be quashed for four independent reasons: 1) upon information and belief, the IRS has referred EIA's case to the Department of Justice pursuant to 26 U.S.C. § 7602(d)(2)(A)(i) by recommending a grand jury investigation or criminal prosecution of EIA, its 80-percent owner and partnership representative, and EIA's designated individual, among others; 2) upon information and belief, the IRS referred EIA's case to the Department of Justice pursuant to 26 U.S.C. § 7602(d)(2)(A)(ii) by receiving a request for return information pursuant to 26 U.S.C. § 6103(h)(3)(B); 3) pursuant to the previously executed search warrants and the audit of EIA, the IRS has possession of all relevant materials; and 4) the IRS's issuance of the Summons lacked good faith. Based on any one of these four independent grounds, the Court should quash the Summons.

1

## Overview

1.      On March 29, 2021, the IRS issued the Summons to the Subpoena Services office of Truist Bank at 7455 Chancellor Drive, Orlando, Florida 32809.

2.      On March 30, 2021, the IRS mailed notice of the summons to EIA by certified mail.

3.      26 U.S.C. § 7609 allows a taxpayer to move to quash a summons within 20 days of notification.

4.      This Petition remains timely because EIA is filing it within 20 days of March 30, 2021. 26 U.S.C. § 7609(b)(2).

## Jurisdiction, Venue, and Parties

5.      The Summons is a "summons to which [26 U.S.C. § 7609] applies," as the IRS issued the Summons under the authority of 26 U.S.C. § 7602(a)(2) and the Summons is not one of the types of summonses excepted from the application of 26 U.S.C. § 7609 by 26 U.S.C. § 7609(c)(2).

6.      This Court possesses subject matter jurisdiction over this Petition pursuant to 26 U.S.C. § 7609(h)(1) and 28 U.S.C. § 1331 and 1340.  In relevant part, 26 U.S.C. § 7609(h)(1) states "[t]he United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under [Section 7609(b)(2)]."

7.      Venue lies within this district based upon 26 U.S.C § 7609(h)(1) and 28 U.S.C. § 1391(e).

8.      Truist Bank is a North Carolina corporation with a principal place of business at 214 North Tryon Street, Charlotte, North Carolina 28202.

9.      Truist Bank, including its branch locations, are found in this District and Division.

2

10. EIA is a North Carolina limited liability company with a principal place of business at 11675 Rainwater Drive, Suite 220, Alpharetta, Georgia 30009.

11. Respondent is an agency of the U.S. government with a presence throughout the United States.

## Background Facts

12. As of December 19, 2018, EIA owned approximately 1,920.63 acres of real property in Brunswick County, North Carolina ("Property").

13. Effective December 27, 2018, EIA granted a conservation easement over 1,297.58 acres of the Property in favor of the North American Land Trust ("NALT") ("Easement").

14. As of December 27, 2018, Southeast Property Acquisitions, LLC, a Nevada limited liability company ("SPA"), held 80 percent of the membership interest in EIA and served as the manager of EIA.

15. At all relevant times, Inland Capital Management, LLC, a Nevada limited liability company ("Inland Capital"), served as the managing member of SPA.

16. At all relevant times, Jack Fisher ("Mr. Fisher") served as the manager of Inland Capital.

17. AgeeFisherBarrett, LLC ("Return Preparer") prepared the Form 1065 (U.S. Return of Partnership Income) for EIA for the tax period ended December 31, 2018 ("2018 Form 1065") and related tax filing documents.

18. Return Preparer also prepared SPA's Form 1065 and related tax filing documents for the period ended December 31, 2018.

19.     EIA timely filed its 2018 Form 1065 to report a noncash charitable contribution deduction for the donation of the Easement under 26 U.S.C. § 170(a)(1) based on the value determined by an appraiser.

20.     EIA's 2018 Form 1065 named (i) SPA as EIA's Partnership Representative, and (ii) Mr. Fisher as SPA's Designated Individual.

21.     As the Partnership Representative and Designated Individual, SPA and Mr. Fisher hold the sole authority to act on behalf EIA in connection the IRS's examination of EIA's 2018 Form 1065. *See* 26 U.S.C. § 6223(a); 26 C.F.R. § 301.6223-1(b)(3)(i).

## Count One – Quash of Summons

22.     The foregoing facts are incorporated herein, as if restated in full.

23.     Based on the foregoing facts and because of the four independent grounds detailed below, each of which is sufficient on its own merit, the Court should enter an order to quash the Summons.

## Objection 1 – 26 U.S.C. § 7602(d)(2)(A)(i) Department of Justice Referral in Effect

24.     The IRS issued the Summons in violation of 26 U.S.C. § 7602(d)(1) because, upon information and belief, the IRS referred the case to the Department of Justice within the meaning of 26 U.S.C. § 7602(d)(2)(A)(i) with respect to EIA; EIA's Partnership Representative and manager, SPA; SPA's Designated Individual, Mr. Fisher; and SPA's manager, Inland Capital; among others.

25.     Under 26 U.S.C. § 7602(d)(1), the IRS may not issue or enforce a summons "with respect to any person if a Justice Department Referral is in effect with respect to such person."

26.     Under 26 U.S.C. § 7602(d)(2)(A)(i), "[a] Justice Department referral is in effect with respect to any person if the Secretary has recommended to the Attorney General a grand jury

investigation of, or the criminal prosecution of, such person for any offense connected with the administration of the internal revenue law."

27. On December 16, 2019, Inland Capital received a Subpoena to testify before a Grand Jury on February 4, 2020 in this Division of this Court ("Grand Jury Subpoena").

28. The Grand Jury Subpoena required Inland Capital to produce all documents and records in Inland Capital's "possession, custody, or control relative to Jack Fisher, any business and financial transactions with Jack Fisher, Inland Capital Management (ICM), and any entities concerning or related to Fisher, ICM, and entities relating to Fisher including, but not limited to entities listed in Exhibit A (collectively 'Fisher Funds')."

29. Exhibit A of the Grand Jury Subpoena specifically identified EIA, Inland Capital, and SPA as parties under investigation.

30. On December 17, 2019, the IRS executed search warrants at the offices of Inland Capital and the Return Preparer ("Search Warrants") to seize "documents, records, and similar information related to entities and funds created, managed, promoted, marketed, and/or operated by Mr. Fisher."

31. Inland Capital's office is the same as EIA's principal place of business.

32. Upon information and belief, through the execution of the Search Warrants, the IRS seized information related EIA, SPA, Inland Capital, and Mr. Fisher.

33. On December 16, 2020, the government entered into sealed plea agreements with Stein Agee and Corey Agee, principals of the Return Preparer ("Agee Plea Agreements"). *See United States v. Stein Agee*, Dkt. No. 1:20-CR-00128 (W. D. N.C.) Doc. 2, Plea Agreement (Dec. 16, 2020); *United States v. Corey Agee*, Dkt. No. 1:20-CR-00129 (W. D. N.C.) Doc 2, Plea Agreement (Dec. 16, 2020).

34.     In the documents filed in connection with the Agee Plea Agreements, the Department of Justice (i) identified EIA and SPA, and (ii) disclosed facts associated with the donation of the Easement as evidence of a purported "Syndicated Conservation Easement Tax Fraud Scheme" and a purported conspiracy to defraud the United States. *See United States v. Stein Agee*, Dkt. No. 1:20-CR-00128 (W. D. N.C.), Doc. No. 3, Factual Basis, pp. 2, 7–12, 18–19, 30 (Dec. 16, 2020); *United States v. Corey Agee*, Dkt. No. 1:20-CR-00129 (W. D. N.C.), Doc. No. 3, Factual Basis, pp. 2, 7–11, 15, 21 (Dec. 16, 2020).

35.     Based on the foregoing and upon information and belief, the IRS recommended a grand jury investigation or criminal prosecution of EIA and all persons and entities entitled to participate in the IRS's examination of EIA's 2018 Form 1065, including SPA, Inland Capital, and Mr. Fisher, as of March 29, 2021.

36.     Based on the foregoing and upon information and belief, the IRS issued the Summons in violation of 26 U.S.C. § 7602(d)(1).

37.     The Court should enter an order to quash the Summons.

**Objection 2 – 26 U.S.C. § 7602(d)(2)(A)(ii) Department of Justice Referral in Effect**

38.     The IRS issued the Summons in violation of 26 U.S.C. § 7602(d)(1) because, upon information and belief, the IRS referred the case to the Department of Justice within the meaning of 26 U.S.C. § 7602(d)(2)(A)(ii) with respect to EIA and all persons and entities associated with EIA, including SPA, Inland Capital, and Mr. Fisher.

39.     Under 26 U.S.C. § 7602(d)(2)(A)(ii), "[a] Justice Department referral is in effect with respect to any person if . . . any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information . . . relating to such person."

40.    Under 26 U.S.C. § 6103(b)(2)(A), "return information" includes the following: (i) "a taxpayer's identity," (ii) "the nature, source, or amount of [a taxpayer's] . . . deductions," (iii) "the existence, or possible existence, of liability for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense."

41.    Under 26 U.S.C. § 6103(h)(2), "a return or return information shall be open to inspection by or disclosure to officers and employees of the Department of Justice (including United States attorneys) . . . for their use in, any proceeding before a Federal grand jury or preparation for any proceeding (or investigation which may result in such a proceeding) before any Federal grand jury or any Federal or State court."

42.    The only authorization given to the IRS to disclose return information to the Department of Justice requires a "request" in one of the two forms set forth under 26 U.S.C. § 6103(h)(3).

43.    Under 26 U.S.C. § 6103(h)(3)(A), the disclosure of return information to the Department of Justice is authorized where "the Secretary has referred the case to the Department of Justice."

44.    Under 26 U.S.C. § 6103(h)(3)(B), the disclosure of return information to the Department of Justice is authorized "if the Secretary receives a written request from the Attorney General, the Deputy Attorney General, or an Assistant Attorney General, for a return of, or return information relating to, a person named in such request and setting forth the need for disclosure."

45.    The documents filed in connection with the Agee Plea Agreements disclosed the following return information of EIA: (i) its identity, (ii) information related to its donation of the Easement, (iii) the amount of the deduction for its donation of the Easement, and (iv) the potential

for liability arising from the donation of the Easement. *See United States v. Stein Agee*, Dkt. No. 1:20-CR-00128 (W. D. N.C.), Doc. No. 3, Factual Basis, pp. 18–19, 22, 30 (Dec. 16, 2020).

46.     The documents filed in connection with the Agee Plea Agreements further disclosed the following return information of SPA: (i) its identity, (ii) its share of the deduction flowing from EIA's donation of the Easement, and (iii) the potential for liability based on the arising from the purported issuance of false Schedules K-1 to SPA's investors in 2018. *See United States v. Stein Agee*, Dkt. No. 1:20-CR-00128 (W. D. N.C.), Doc. No. 3, Factual Basis, pp. 8–19, 22, 30 (Dec. 16, 2020); *United States v. Corey Agee*, Dkt. No. 1:20-CR-00129 (W. D. N.C.), Doc. No. 3, Factual Basis, pp. 15, 17, 21 (Dec. 16, 2020).

47.     26 U.S.C. § 6103 only authorizes the IRS to disclose the return information of EIA and entities and persons associated with EIA referenced in the Agee Plea Agreement to the Department of Justice if either: (i) the IRS referred the case to the Department of Justice pursuant to 26 U.S.C. § 6103(h)(3)(A), or (ii) the Department of Justice made a request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information.

48.     As outlined in Objection 1, a summons issued where the IRS has referred the case to the Department of Justice remains improper and cannot be enforced. 26 U.S.C. § 7602(d)(1); 7602(d)(2)(A)(i).

49.     Based on the foregoing and upon information and belief, the Department of Justice requested (within the meaning of 26 U.S.C. § 6103(h)(3)(B)), received, and disclosed return information of EIA and entities and persons associated with EIA as of March 29, 2021.

50.     Based on the foregoing and upon information and belief, the IRS issued the Summons in violation of 26 U.S.C. § 7602(d)(1).

51.     The Court should enter an order to quash the Summons.

**Objection 3 – Violation of *Powell*: Relevant Information in Government Possession**

52.     The IRS issued in the Summons in violation of *United States v. Powell*, 379 U.S. 48, 57–58 (1964).

53.     Under *Powell*, the government must establish the following four conjunctive elements to enforce a summons: (i) it issued the Summons for a proper purpose, (ii) the inquiry is relevant to that proper purpose, (iii) the information sought is not already in the government's possession, and (iv) the IRS followed the administrative steps required by law in issuing the summons. *See Powell*, 379 U.S. at 57–58.

54.     As noted above, the IRS executed the Search Warrants on December 26, 2019 and seized all documents, records, and similar information related to EIA and EIA's donation of the Easement that would be in possession of EIA, SPA, Inland Capital, or Mr. Fisher.

55.     On November 18, 2020, Revenue Agent Richard Skinner faxed an Information Document Request ("IDR") to Mr. Fisher ("IDR 2"). IDR 2 ostensibly indicated that it was a "Follow-up Document Request" to a request that was made on October 16, 2020, which EIA did not receive. Agent Skinner further marked each request as a "2nd Request."

56.     On December 11, 2020, EIA responded to IDR 2.

57.     In response to IDR 2, EIA informed Agent Skinner that, upon information and belief, the IRS possessed all documents responsive to his requests based on the execution of the Search Warrants. Nevertheless, EIA provided Agent Skinner with bank records for accounts held by or on behalf of EIA related to the donation of the Easement.

58.     On January 28, 2021, Agent Skinner issued a third IDR in connection with his audit of EIA ("IDR 3").

59.     On February 19, 2021, EIA responded to IDR 3.

60.     In response to IDR 3, EIA once again informed Agent Skinner that the IRS possessed the relevant documents responsive to his request and provided Agent Skinner with the contact information for the Special Agent that oversaw the execution of the Search Warrants.

61.     EIA further informed Agent Skinner that it understood that there was a Department of Justice referral in effect for EIA, SPA, and Mr. Fisher. Nevertheless, EIA provided Agent Skinner with additional responsive bank records.

62.     Upon information and belief, the IRS possesses all relevant information.

63.     Based on the foregoing and upon information and belief, the IRS issued the Summons in violation of *Powell*.

64.     The Court should enter an order to quash the Summons.

### Objection 4 – Violation of *Powell*: Lack of Good Faith

65.     Upon information and belief, the IRS issued the Summons in bad faith and for an improper purpose.

66.     A summons abuses the Court's process where the IRS issues it "for an improper purpose . . . or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 57–58.

67.     The court should quash a summons if the taxpayer can show bad faith on the part of the IRS, even if the IRS attempts to point to a purported tax-collection purpose. *See United States v. Millman*, 822 F.2d 305, 308–09 (2nd Cir. 1987).

68.     The IRS has not hidden its disdain for entities engaged in so-called syndicated conservation easement transactions ("SCETs").

69. The IRS has indicated through audits, litigation, publications, and its own news releases that it intends to disallow the deductions flowing from any SCET in full and assert penalties on any party claiming a flow through deduction from an SCET.

70. By including EIA in the items referred to the Department of Justice and the Department of Justice including those items in the Agee Plea Agreements, the IRS made a determination to deny EIA's deduction for the donation of the Easement.

71. These public filings confirm that the IRS's purported audit of EIA's 2018 Form 1065 is not an exercise to determine the correctness of EIA's return, but instead an exercise to circumvent judicial discovery procedures and protections.

72. Moreover, as discussed above, EIA expressly informed the IRS of its belief that there was a Department of Justice referral in effect for EIA, SPA, Inland Capital, Mr. Fisher, and other entities related to Mr. Fisher.

73. Based on the foregoing and upon information and belief, the IRS's issuance of the Summons shows a lack of good faith and indicates that it issued the Summons for an improper purpose.

74. The Court should enter an order to quash the Summons.

## Prayer for Relief

**WHEREFORE,** EIA respectfully asks the Court to grant its Petition; quash the Summons; award costs and attorneys' fees to EIA to the extent allowed by law; and award such other and further relief to EIA as warranted.

Respectfully submitted,

Date: 4/16/21

JOHN J. NAIL
North Carolina Bar No. 47974
Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, NE, 46th Floor
Atlanta, Georgia 30303
Telephone: (404) 658-5435
Email: john.nail@chamberlainlaw.com

HALE E. SHEPPARD
Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, NE, 46th Floor
Atlanta, Georgia 30303
Telephone: (404) 658-5441
Email: hale.sheppard@chamberlainlaw.com
*Motion for admission pro hac vice to be submitted*

JOHN W. HACKNEY
Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, NE, 46th Floor
Atlanta, Georgia 30303
Telephone: (404) 658-5436
Email: john.hackney@chamberlainlaw.com
*Motion for admission pro hac vice to be submitted*

JEFFREY S. LUECHTEFELD
Chamberlain, Hrdlicka, White, Williams & Aughtry
191 Peachtree Street, NE, 46th Floor
Atlanta, Georgia 30303
Telephone: (404) 658-5462
Email: jeff.luechtefeld@chamberlainlaw.com
*Motion for admission pro hac vice to be submitted*

COUNSEL FOR PETITIONER

3759949

# Exhibit 1

# Summons

In the matter of  Equity Investment Associates, LLC  (EIN: XX-XXX5363)

Internal Revenue Service *(division)*   Small Business/Self Employed

Industry/Area *(name or number)*   South Atlantic Exam Area

Periods   Tax Year 2018

## The Commissioner of Internal Revenue

To   Truist Bank - Attn: Subpoena Services   (Phone: 877-220-9402)

At   7455 Chancellor Drive, Orlando, FL 32809

You are hereby summoned and required to appear before   Revenue Agent Rick Skinner (or his designated representative)
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

\*\*  Please see attached "Summons Attachment" for items being requested.  \*\*

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear**

1930 3rd Ave. Lane SE, Hickory, NC  28602 (Phone # 828-267-7622)

**Place and time for appearance at** 1930 3rd Ave. Lane SE, Hickory, NC  28602

on the 29th      day of April                    , 2021     at 9:00                     o'clock a     .m.
*(year)*

**Issued under authority of the Internal Revenue Code this** 29th      day of March            , 2021
*(year)*

| Signature of issuing officer | Richard A. Skinner — Digitally signed by Richard A. Skinner Date: 2021.03.29 16:07:24 -04'00' | Title Revenue Agent |
| Signature of approving officer *(if applicable)* | Margaret M. McCarter — Digitally signed by Margaret M. McCarter Date: 2021.03.29 14:00:27 -04'00' | Title Group Manager |

Form **2039** (Rev. 3-2020)     Catalog Number 21405J     publish.no.irs.gov     Department of the Treasury - Internal Revenue Service

**Part C** — to be given to noticee

ATTACHMENT TO SUMMONS ISSUED TO: Truist Bank (formerly BB&T Bank)

In the matter of: Equity Investment Associates, LLC (EIN: ███5363)
Address: ██████████████████████████

This summons pertains to **ALL OPEN AND CLOSED ACCOUNTS** in the name of Equity Investment Associates, LLC (EIN: ███5363), and requires the production of records from January 1, 2018 through December 31, 2018.

**Issued by:**
Internal Revenue Agent Rick Skinner
Employee Number: ████
Phone # (828) 267-7622
1930 3rd Ave. Lane SE
Hickory, NC 28602

For the periods specified above, please furnish all books, papers, records, and other data concerning all accounts pertaining to the above-named entity, whether held jointly or severally or as trustee or fiduciary as well as custodian, executor or guardian as well as any other entity in which this entity may have a financial interest.

These records should include but are not limited to:

**SAVINGS and CHECKING ACCOUNT RECORDS:** including **signature cards**, ledger cards or records showing dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips and checks deposited (including, but not limited to, electronic deposits made by ATM, ACH, transfers, or other electronic means), withdrawal slips, and checks issued for withdrawals, Forms 1099 issued, and exempt status documentation.

- **Please ensure that the monthly bank statements are provided for each account that includes the period 1/1/2018 thru 12/31/2018.**

- **Please ensure that the monthly bank statement is provided for each account for the month of January 2019.**

- **Please ensure that all deposit items are provided for all deposits made to the bank accounts.**

  **NOTE: For electronic transfers that do not show the origin bank, account number, and owner of the account, please provide supporting documents so that this information can be obtained.**

  o **If there are domestic transfers from other bank accounts, please provide the source, or origin, banking account information.**

- **Provide copies of any canceled checks that were written from the bank accounts.**

- **If there are any wire transfers out of the bank accounts, please ensure there are destination records (who, or what account, money was wired to) provided.**

**LOAN RECORDS:** Including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually, records of any liens, loan correspondence files, and internal bank memoranda.

**CREDIT CARD RECORDS:** Including customer's application, signature card, credit or background investigations conducted, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

**PURCHASES OF BANK CHECKS:** Purchases of bank checks, cashier, teller, travelers' check records, or money order records including the check register, file copies of the checks or money orders, records revealing the date and source of payment for said checks or money orders.

**OTHER RECORDS:** Records of certified checks, wire transfers, or collections, letters of credit, bonds and securities purchased through your bank, savings bond transactions and investment accounts. Such records that disclose the date and amount of the transaction, method (cash or check) and source of payment, instruments and statements of transactions.

**It is perfectly acceptable to provide the requested information in hard-copy format or via thumb-drive.**

**If provided on a thumb-drive, please ensure that the documents can be easily opened without any special software. (PDF formatted statements are preferred).**

# Provisions of the Internal Revenue Code

## Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. -The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties.

(1) General notice - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer unless such contact occurs during a period (not greater than 1 year) which is specified in a notice which—

(A) informs the taxpayer that contacts with persons other than the taxpayer are intended to be made during such period, and

(B) except as otherwise provided by the Secretary, is provided to the taxpayer not later than 45 days before the beginning of such period.

Nothing in the preceding sentence shall prevent the issuance of notices to the same taxpayer with respect to the same tax liability with periods specified therein that, in the aggregate, exceed 1 year. A notice shall not be issued under this paragraph unless there is an intent at the time such notice is issued to contact persons other than the taxpayer during the period specified in such notice. The preceding sentence shall not prevent the issuance of a notice if the requirement of such sentence is met on the basis of the assumption that the information sought to be obtained by such contact will not be obtained by other means before such contact.

(2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

(3) Exceptions. - This subsection shall not apply-

(A) to any contact which the taxpayer has authorized,

(B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or

(C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.

(1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.

(2) Justice Department referral in effect. - For purposes of this subsection

(A) In general. - A Justice Department referral is in effect with respect to any person if-

(i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or

(ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.

(B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-

(i) the Attorney General notifies the Secretary, in writing, that

(I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,

(II) he will not authorize a grand jury investigation of such person with respect to such an offense, or

(III) he will discontinue such a grand jury investigation.

(ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or

(iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).

(3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

(f) Limitation on access of persons other than Internal Revenue Service officers and employees. The Secretary shall not, under the authority of section 6103(n), provide any books, papers, records, or other data obtained pursuant to this section to any person authorized under section 6103(n), except when such person requires such information for the sole purpose of providing expert evaluation and assistance to the Internal Revenue Service. No person other than an officer or employee of the Internal Revenue Service or the Office of Chief Counsel may, on behalf of the Secretary, question a witness under oath whose testimony was obtained pursuant to this section.

## Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -

(1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.

(2) Third party record keeper. - For purposes of paragraph (1), the term third-party recordkeeper means -

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));

(C) Any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));

(E) any attorney;

(F) any accountant;

(G) any barter exchange (as defined in section 6045(c)(3));

(H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;

(I) any enrolled agent; and

(J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(II) to which source code relates.

## Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or Commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

## Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

## Sec. 7610. Fees and costs for witnesses

(a) In general. - The Secretary shall by regulations establish the rates and conditions under which payment may be made of -

(1) fees and mileage to persons who are summoned to appear before the Secretary, and

(2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if

(1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or

(2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. -This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

## Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421 (g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

| To | Date |
| --- | --- |
| Equity Investment Associates, LLC | 03/29/2021 |

**Address**

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

If you are the taxpayer, see important information below on the suspensions of your periods of limitation under I.R.C. section 7609(e)(1) and (e)(2).

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request.

## Suspension of Periods of Limitation

If you are the taxpayer being examined/investigated by this summons and you file a petition to quash the summons (or if you intervene in any suit concerning the enforcement of this summons), your periods of limitation for assessment of tax liabilities and for criminal prosecutions will be suspended pursuant to I.R.C. section 7609(e)(1) for the tax periods to which the summons relates. Such suspension will be effective while any proceeding (or appeal) with respect to the summons is pending. Your periods of limitation will also be suspended under section 7609(e)(2) if the summoned person fails to fully respond to this summons for 6 months. The suspension under section 7609(e)(2) will begin 6 months after the summons is served and will continue until the summoned person finally resolves the obligation to produce the summoned information. You can contact the IRS officer identified on the summons for information concerning the suspension under section 7609(e) (2). If you contact the IRS officer for this purpose, please provide the following information: (1) your name, address, home and work telephone numbers and any convenient time you can be contacted and (2) a copy of the summons or a description of it that includes the date it was issued, the name of the IRS employee who issued it, and the name of the summoned person.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.

Form **2039** (Rev. 3-2020)    Catalog Number 21405J    publish.no.irs.gov    Department of the Treasury - **Internal Revenue Service**

Part D — to be given to noticee

## Sec. 7609. Special procedures for third-party summons

**(a) Notice-**

(1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other then the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

(2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.

(3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

**(b) Right to intervene; right to proceeding to quash. -**

(1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.

(2) Proceeding to quash. -

(A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, he shall, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

(C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

**(c) Summons to which section applies. -**

(1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraphs (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.

(2) Exceptions. - This section shall not apply to any summons

(A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;

(B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;

(C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);

(D) issued in aid of the collection of-

(i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or

(ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i); or

(E)(i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and

(ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)).

(3) John Doe and Certain Other Summonses. - Subsection (a) shall not apply to any summons described in subsection (f) or (g).

(4) Records. - For purposes of this section, the term records includes books, papers, and other data.

**(d) Restriction on examination of records.** - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -

(1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or

(2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

**(e) Suspension of Statute of Limitations. -**

(1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.

(2) Suspension after 6 months of service of summons. -In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-

(A) beginning on the date which is 6 months after the service of such summons, and

(B) ending with the final resolution of such response.

**(f) Additional requirement in the case of a John Doe summons.** Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that-

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

The Secretary shall not issue any summons described in the preceding sentence unless the information sought to be obtained is narrowly tailored to information that pertains to the failure (or potential failure) of the person or group or class of persons referred to in paragraph (2) to comply with one or more provisions of the internal revenue law which have been identified for purposes of such paragraph.

**(g) Special exception for certain summonses. -**

A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

**(h) Jurisdiction of district court; etc. -**

(1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.

(2) Special rule for proceedings under subsections (f) and (g).- The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

**(i) Duty of summoned party. -**

(1) Recordkeeper must assemble records and be prepared to produce records. On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.

(2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.

(3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records or testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.

(4) Notice of suspension of statute of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

**(j) Use of summons not required. -**

Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.

---

Form **2039** (Rev. 3-2020)     Catalog Number 21405J     publish.no.irs.gov     Department of the Treasury - Internal Revenue Service

# Suspension of Corporate Taxpayer's Period of Limitations on Assessment If a Court Proceeding Is Brought Regarding a Designated or Related Summons

The IRS may issue designated or related summonses to examine the tax liability of certain corporations. A designated summons will be identified by a statement at the top of the summons that reads: "This is a designated summons pursuant to IRC 6503(j)." A related summons will be identified by a similar statement at the top of the summons indicating that it is a related summons issued pursuant to I.R.C. sec. 6503(j).

If you are a corporate taxpayer and the IRS has issued a designated or related summons to investigate your tax liability, your period of limitations on assessment will be suspended if a court proceeding concerning the summons is begun. This suspension will be effective on the day the court proceeding is brought. If the court orders any compliance with the summons, the suspension will continue until 120 days after the summoned person finally resolves his response to the summons. If the court does not order any compliance with the summons, then the period of limitations will resume running on the day after final resolution (but the period of limitations will not expire before the 60th day after final resolution).

To obtain information about the dates of the suspension under section 6503(j), you can contact the IRS officer before whom the person summoned is to appear. The officer's name and telephone number are identified on the summons.

Form **2039** (Rev. 3-2020)     Catalog Number 21405J     publish.no.irs.gov     Department of the Treasury - **Internal Revenue Service**

**Part E** — to be given to the corporate taxpayer only if this is a designated or related summons

## Sec. 6503(j). Extension in case of certain summonses

**(1) In general.**

If any designated summons is issued by the Secretary to a corporation (or to any other person to whom the corporation has transferred records) with respect to any return of tax by such corporation for a taxable year (or other period) for which such corporation is being examined under the coordinated industry case program (or any successor program) of the Internal Revenue Service, the running of any period of limitations provided in section 6501 on the assessment of such tax shall be suspended—

(A) during any judicial enforcement period—

(i) with respect to such summons, or

(ii) with respect to any other summons which is issued during the 30-day period which begins on the date on which such designated summons is issued and which relates to the same return as such designated summons, and

(B) if the court in any proceeding referred to in paragraph (3) requires any compliance with a summons referred to in subparagraph (A), during the 120-day period beginning with the 1st day after the close of the suspension under subparagraph (A).

If subparagraph (B) does not apply, such period shall in no event expire before the 60th day after the close of the suspension under subparagraph (A).

**(2) Designated summons** For purposes of this subsection—

(A) In general. The term "designated summons" means any summons issued for purposes of determining the amount of any tax imposed by this title if—

(i) the issuance of such summons is preceded by a review and written approval of such issuance by the Commissioner of the relevant operating division of the Internal Revenue Service and the Chief Counsel which—

(i) states facts clearly establishing that the Secretary has made reasonable requests for the information that is the subject of the summons, and

(II) is attached to such summons,

(ii) such summons is issued at least 60 days before the day on which the period prescribed in section 6501 for the assessment of such tax expires (determined with regard to extensions), and

(iii) such summons clearly states that it is a designated summons for purposes of this subsection.

(B) Limitation.

A summons which relates to any return shall not be treated as a designated summons if a prior summons which relates to such return was treated as a designated summons for purposes of this subsection.

**(3) Judicial enforcement period.** For purposes of this subsection, the term "judicial enforcement period" means, with respect to any summons, the period—

(A) which begins on the day on which a court proceeding with respect to such summons is brought, and

(B) which ends on the day on which there is a final resolution as to the summoned person's response to such summons.

**(4)** Establishment that reasonable requests for information were made. In any court proceeding described in paragraph (3), the Secretary shall establish that reasonable requests were made for the information that is the subject of the summons.