# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:21-CV-00170-GCM *SEALED*

| | |
|---|---|
| EQUITY INVESTMENT ASSOCIATES, LLC,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER** |

**THIS MATTER** comes before the Court on the United States' Motion to Unseal (ECF No. 29). Petitioner Equity Investment Associates, LLC filed a response in opposition (ECF No. 30), and the United States filed a reply (ECF No. 34). This matter is ripe for disposition. The Court has reviewed the parties' briefing and the applicable case law. As explained in more detail below, the Court will grant the United States' motion.

## I.  BACKGROUND

This case relates to a civil audit by the Internal Revenue Service (IRS). In the course of its audit, the IRS sought bank statements from Equity Investment Associates, LLC ("Equity") pertaining to the donation of a "syndicated conservation easement," or SCE. By donating the easement to North American Land Trust ("NALT"), Equity generated more than $220 million in tax deductions for its members. But each time that the IRS sought bank statements from Equity— three times in all—Equity demurred. So the IRS notified Equity that it planned to obtain the bank records from Truist Bank directly via summons. After the IRS served the summons on Truist, Equity filed a Petition to Quash.

At the same time that it filed the Petition to Quash, Equity also filed a Motion to Seal. ECF No. 1. In that motion, filed on April 16, 2021, Equity represented that its petition "discloses the identity of a grand jury witness, the identity of persons and entities believed to be under investigation, and information related to the existence of grand jury proceedings that, upon information and belief, are ongoing." *Id.* at ¶ 11. Equity also averred that the litigation of the Petition to Quash might require further disclosure of information "related to or affecting" ongoing grand jury proceedings. *Id.* at ¶ 12. The Court granted the motion to seal on April 27, 2021, concluding that no less restrictive measure other than sealing would suffice because of the potential for disclosing grand jury materials. ECF No. 8.

After the United States made an appearance on May 19, 2021, ECF No. 10, the parties litigated the petition. The Court denied Equity's motions for limited discovery and an evidentiary hearing, denied the petition, and granted the United States' motion to enforce summons. ECF No. 27 at 10. The next day, the United States filed a motion to unseal the docket. ECF No. 25. While the motion was pending, Equity filed a notice of appeal to the Fourth Circuit, appealing (1) the grant of the government's Motion to Deny Petition and Enforce Summons; (2) the denial of its Petition to Quash Summons; and (3) the denial of its Motion for Limited Discovery and an Evidentiary Hearing. ECF No. 31. Equity did not move for a stay pending appeal. *See* Fed. R. App. P. 8(a)(1)(A).

II. DISCUSSION

The public has a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). As a result, court documents are presumptively filed unsealed in this District. *See* Local Civil Rule 6.1(a). There are two sources of this presumption: common law and the First Amendment. At

common law, the presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access. *See Pub. Citizen*, 749 F.3d at 265–66. In contrast, the First Amendment guarantees access "only to particular judicial records and documents." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 757 (4th Cir. 2004). If it applies, access to those records and documents can only be restricted on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest. *Id.* "Regardless of whether the right of access arises from the First Amendment or the common law, it may be abrogated only in unusual circumstances." *Id.* at 576.

The United States argues that this case should not remain sealed. First, the United States argues that Federal Rule of Criminal Procedure 6 does not apply, because "Equity is not a person required to keep grand jury information secret under Rule 6, the Petition, Equity's pleadings and motion papers are not grand jury records, and Equity has not shown that this civil case is 'related to' a grand jury proceeding." ECF No. 29 at 1. The United States also notes that maintaining the docket under seal effectively prevents the government from enforcing its summons. *Id.* at 1–2.

Equity does not appear to contest the government's argument that nothing on the docket presently falls under Rule 6. Instead, Equity characterizes its earlier motion as purely prophylactic, filed "out of an abundance of caution" because of the "potential for disclosure" in the event of an evidentiary hearing or discovery. ECF No. 30 at 2. Yet Equity still opposes unsealing, despite the fact that nothing on the docket constitutes grand jury materials. It urges that "in the interests of "judicial economy," the Court "should hold its ruling in abeyance" pending the resolution of its appeal in the Fourth Circuit. *Id.* at 1. Ruling on the motion to unseal, Equity claims, would be "premature," given the possibility that the Fourth Circuit could reverse this Court and order limited

3

discovery and a hearing. *Id.* If that were to occur, "additional proceedings before this Court will likely require disclosure of information relating to ongoing grand jury proceedings." *Id*. at 2.

Before deciding on the merits of this motion, the Court first takes up the matter of jurisdiction. An appeal divests a trial court of jurisdiction over those aspects of the case involved in the appeal. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999). However, an appeal does not prevent the district court from proceeding with matters not involved in the appeal. *See* 20 Moore's Federal Practice – Civil § 303.32(2)(b)(iv) (2021). Nor does it prevent the trial court from proceeding "as to matters in aid of the appeal." *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991). The Fourth Circuit has previously held that a trial court can resolve a Rule 60(b) motion during the pendency of an appeal, reasoning that the procedure "preserves judicial resources and eliminates unnecessary expense and delay," thereby aiding the appeal. *See Fobian*, 164 F.3d at 890; *see also In re Grand Jury Proceedings Under Seal*, 947 F.2d at 1190 (finding that trial court orders issued after a notice of appeal were in aid of the appeal).

The Court finds that sealing is a matter not involved in Equity's appeal, and that it therefore retains jurisdiction over this matter. Resolving the pending motion to unseal is also in "aid of jurisdiction," insofar as it preserves judicial resources and eliminates unnecessary expense and delay. *See Fobian*, 164 F.3d at 890. Satisfied of jurisdiction, the Court may now decide the merits.

In light of the apparently undisputed absence of grand jury materials in the docket, maintaining the docket under seal would be inappropriate given the public's right of access to judicial documents and records. The presumption in favor of access cannot be displaced by mere speculation about the possibility of future disclosure. Should Equity believe that grand jury materials are to be filed on the docket in the future, the Court will entertain a motion for a protective order or a motion to seal at that point.

4

**III. ORDER**

For the foregoing reasons, the United States' Motion to Unseal is **GRANTED**. The Clerk is directed to unseal the docket.

Signed: September 16, 2021

Graham C. Mullen
United States District Judge